JOSIAH JEX, Appellant, *against* EPHRAIM A. JACOB *et al.,* Respondents.

(Decided June 7th, 1880.)

The plaintiff in an action in the supreme court to recover rent alleged to be due under a lease, afterwards brought an action in this court for an un-paid balance of a previous installment of rent under the same lease, which he had not included in the former action. The defendants failed to answer in the action in this court, and a judgment was thereupon entered against them, which was paid by them and satisfied of record. Subsequently the defendants, by a supplemental answer in the action in the supreme court, set up, with other defenses, the recovery of the judgment in this court as a bar to that action. A motion by the plaint-iff to strike out that defense as frivolous and irrelevant was denied by the supreme court. The plaintiff then demurred to the defense, and upon argument at the special term of the supreme court, the demurrer was sustained. From this decision the defendants appealed to the gen-eral term of that court ; and pending the appeal, a stipulation in the ac-tion was entered into between the parties, by which all the other defenses were withdrawn, and it was agreed that the judgment upon the appeal on the demurrer should be a final adjudication upon the matters in dis-pute in the action. Upon the hearing of the appeal, the general term of the supreme court overruled the demurrer, and ordered judgment there-on for defendants, with leave to the plaintiff to withdraw the demurrer, and without prejudice to an application on motion to vacate the judg-ment recovered. A motion was thereupon made by the plaintiff in this court to vacate the judgment, the period of one year limited by section 724 of the Code of Civil Procedure as the time within which, after notice thereof, the court may relieve a party from a judgment on the grounds of "mistake, inadvertence, surprise, or excusable neglect," having elapsed. *Held,* that the motion should be denied.

APPEAL from an order of this court denying a motion by the plaintiff to vacate a judgment in his own favor.

The facts are stated in the opinion of LARREMORE, J.

*A. R. Dyett* and *A. L. Sanger,* for appellant.—The court has power to grant the relief asked for, as a court of equity (Freeman on Judgments, § 90). That the judgment is in the moving party's own favor makes no difference (Id.,

§ 91; *Downing* v. *Still*, 13 Mo. 318; *Doss* v. *Tyack*, 14 How. [U. S.] 297; *Hatch* v. *Central Nat. Bank*, 78 N. Y. 487). The plaintiff personally is not in fault, and this entitles him to relief from the consequences of any negligence, ignorance, error or mistake of his attorney (*Sharp* v. *Mayor*, 31 Barb. 578; *Elston* v. *Schilling*, 7 Robt. 74; Freeman on Judgments, §§ 111, 113; *Barry* v. *Mutual Life Ins. Co.*, 53 N. Y. 536, and cases there cited). Equity will relieve a party from the consequences of his reliance in good faith upon what he believes to be the law (*Harney* v. *Charles*, 45 Mo. 157; *Harris* v. *Jex*, 66 Barb. 232, and 55 N. Y. 421). The stipulation in the supreme court suit has no effect upon this motion; that court can relieve from it (*Barry* v. *Mutual Life Ins. Co.*, 53 N. Y. 536; *Mayor, &c.* v. *Union Ferry Co.*, 9 Weekly Dig. 558).

*Ephraim A. Jacob*, for respondents.—The only provision of the Code applicable is section 724, which authorizes the making of such a motion upon the ground of mistake, inadvertence, surprise, or excusable neglect, but requires such motion to be made within a year after notice of the entry of judgment (*Montgomery* v. *Ellis*, 6 How. Pr. 326; *Depew* v. *Dewey*, 2 Thomp. & C. 515, and cases there cited). The common law powers of the court to vacate the judgment are limited and defined and their exercise regulated by the provisions of the Code (Code Civ. Proc. §§ 721–730). The grounds upon which equity grants relief against a judgment are: fraud in obtaining the judgment, inevitable accident, and mistake (Story Equity Jurisp. 11th ed. 1573–1575), unmixed with any default either of the moving party or his counsel (*Emerson* v. *Udall*, 13 Vt. 477; *Pettes* v. *Bank of Whitehall*, 17 Vt. 435; *Burton* v. *Wiley*, 26 Vt. 430; *Carrington* v. *Holabird*, 17 Conn. 330, and 19 Conn. 84; *Vilas* v. *Jones*, 1 N.Y. 281; *Huggins* v. *King*, 3 Barb. 619; *Foster* v. *Wood*, 6 Johns. Ch. 87; *Lansing* v. *Eddy*, 1 Johns. Ch. 51; *Duncan* v. *Lyon*, 3 Johns. Ch. 351; *Ewing* v. *McNairy*, 20 Ohio St. 321; Story Equity Jurisp. §§ 1200.) Accident must be unavoidable, and such as would prevent a party without laches on his part from properly

presenting his claim or defense (Wells Res Adjudicata, § 500 ; *Humphreys* v. *Leggett*, 9 How. [U. S.] 314). Mistake must be one of fact and not of law. No relief can be granted on grounds of mistake of law or hardship (*Ewing* v. *McNairy*, 20 Ohio St. 321 ; *Jacobs* v. *Morange*, 47 N. Y. 57). This is not a case of inevitable accident or mistake of fact ; and the plaintiff's papers utterly fail to disclose any fraud on the part of the defendants. And if the plaintiff had any right to the relief asked for, the stipulation entered into between the parties would be fatal to his application (*Montgomery* v. *Ellis*, 6 How. Pr. 326).

LARREMORE, J.—The plaintiff leased to defendants certain premises situated on the corner of Broadway and Forty-second street, in the city of New York, for the term of ten years from February 1, 1871, at the annual rent of $13,230, payable quarterly. On November 8, 1877, plaintiff commenced an action in the supreme court for $6,615, being rent of said premises for two quarters, ending respectively August 1 and November 1, 1877. At the date of said action there was also due a balance of rent for the quarter ending May 1, 1877, amounting to $152.82, which was not included in the action above mentioned, but which was withheld, as is alleged, as an offset for damages claimed by defendants for leakage of the roof of said premises.

On November 14, 1877, plaintiff commenced an action in this court for the recovery of such balance, in which judgment was rendered by default December 19, 1877, and said judgment was paid and satisfied December 21, 1877. Subsequently the defendants served an amended and supplemental answer to the complaint in the action in the supreme court, and set up (among other defenses) as a plea in bar the recovery of the judgment of December 19, 1877. A motion was then made in plaintiff's behalf to strike out said plea as frivolous and irrelevant, which motion was denied. A demurrer was then interposed to said defense, which was sustained, but the same was overruled on appeal and judgment ordered thereon in defendants' favor, with liberty to plaintiff to withdraw said demurrer,

Jex *v.* Jacob.

and without prejudice to an application to this court to vacate the judgment of December 19, 1877. Pending the appeal upon the demurrer a stipulation in writing, dated June 20, 1878, was entered into by the respective attorneys in the action in the supreme court, whereby all defenses and counter-claims by the defendants were withdrawn, except the plea in bar, upon which the parties agreed to stand or fall as a final adjudication of their differences. This stipulation was drawn by the plaintiff's attorney, and appears to have been regarded as a finality as to the matters then in dispute. After the decision was rendered overruling the demurrer, plaintiff moved in this court to vacate its judgment of December 19, 1877, which motion was denied, and from the order entered thereon this appeal is taken.

I assume, after careful examination of the papers submitted, that the appellant does not rely for relief upon the statute, the limitations of which as to time would preclude his application.

He therefore appeals to the inherent equitable jurisdiction of the court to control and correct its judgments in furtherance of justice.

But equity, as well as law, has its limits, and, while each case presented stands upon its own merits, precedents must not be disregarded or strained to subvert the principles upon which its successful administration depends. I have searched in vain to find in these proceedings the evidence of fraud, inevitable accident or mistake as the basis of plaintiff's remedy (Story's Eq. Juris. § 1573–1575). The opposing affidavits meet all the averments urged, and show conclusively that plaintiff could not or ought not to have been misled in the premises, and a mistake of law will not avail him. He knew of the entry of the judgment which he now seeks to avoid, and for nearly two years acquiesced in its validity without any attempt to set it aside. He recognized its existence by his motion and demurrer in the supreme court, and now seeks to take advantage of his own neglect.

But, even if so disposed, this court cannot aid him. He is estopped by his stipulation of June 20, 1878, whereby both parties placed the ultimate decision of their rights upon the

plea in bar. If he succeeds in defeating that plea, his right to a judgment absolute in his first action is unquestioned, for all defenses to it, save this plea, are withdrawn. If he fails therein he must still seek relief from the consequences of his own deliberate act in the action in which such stipulation was made.

The order denying the motion to vacate the judgment of December 19, 1877, should be affirmed, with costs.

VAN BRUNT, J.—I am of opinion that the court has no power to set aside, upon motion, any judgment after the expiration of one year after notice thereof, except for error in fact not arising upon the trial, in which case such motion may be made within two years after the filing of the judgment roll.

The application in this case, not being based upon any error in fact not arising upon the trial, does not come within the last limitation, and must necessarily be embraced within the first.

It is claimed by the appellant that this is an application to the general equity powers of the court. I am unaware of any practice which authorizes such equity powers to be exercised upon a motion.

If equitable interference is sought, it must be by bill, as the court cannot acquire jurisdiction except by bill, unless in the cases provided for by the statute.

It is, therefore, not necessary to discuss the equitable bearings of the plaintiff's application, as he is not in a court of equity, but in a court of law.

When, by a proper bill filed, he seeks the equitable interference of the court, it will become our duty to determine whether in equity he is entitled to any relief.

The order appealed from should be affirmed, with costs.

Order affirmed, with costs.